# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-0890V

|  |  |
|---|---|
| L.M.,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: December 30, 2024 |

*Danielle Strait, Maglio Christopher & Toale, PA, Seattle, WA,* for Petitioner.

*Jennifer Leigh Reynaud, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On June 18, 2019, L.M. filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza vaccine administered to her on December 9, 2016. Petition, ECF No. 1 at 1, 4. On May 12, 2022, I issued a ruling finding Petitioner entitled to compensation following briefing by the parties. ECF No. 45.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Approximately 19 months later, on December 11, 2023, I issued a damages decisions following briefing and expedited Motions Day argument by the parties. ECF No. 67.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $56,891.81 (representing $55,223.70 for attorney's fees, $1,659.61 for attorney's costs, and $8.50 for Petitioner's out-of-pocket litigation costs). Petitioner's Application for Attorneys' Fees, filed July 15, 2024, ECF No. 73. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred $8.50 in out-of-pocket expenses. ECF No. 73-4. Respondent filed no response.

I have reviewed the billing records submitted with Petitioner's request. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates. The rates requested for work performed through the end of 2024 are reasonable and consistent with our prior determinations, and will therefore be adopted.

I also this case required additional briefing and argument regarding the issues of entitlement and damages, provided separately. *See* Petitioner's Motion for Ruling on Entitlement, filed May 13, 2020, ECF No. 23; Petitioner's Renewed and Amended Motion for Ruling on Entitlement, filed Feb. 22, 2021, ECF No. 37; Petitioner's Reply Regarding Entitlement, filed Apr. 21, 2021, ECF No. 40; Petitioner's Motion for Findings of Fact and Conclusions of Law Regarding Damages, filed Sept. 19, 2022, ECF No. 58; Minute Entry, dated Nov. 29, 2023 (for November 27, 2023 expedited hearing). Petitioner's counsel expended approximately 9.8 hours drafting the motion for a ruling regarding entitlement, 10.1 drafting the amended motion for a ruling regarding entitlement, 3.5 hours drafting the entitlement reply, and 8.6 hours drafting the motion for a damages determination, totaling 32.0 hours. ECF No. 73-2 at 10-15, 18. Although likely that some work could have been performed more efficiently if the parties had briefed both issues simultaneously, Petitioner's counsel performed these separate briefing tasks quickly. Thus, I find the amount of time spent briefing the issues of entitlement and damages to be reasonable and will award the attorney's fees requested. (And all time billed to the matter was also reasonably incurred.)

Furthermore, Petitioner has provided supporting documentation for all claimed costs. ECF No. 73-3. And Respondent offered no specific objection to the rates or amounts sought. I have reviewed the requested costs and find them to be reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for

attorney's fees and costs. **Petitioner is awarded the total amount of $56,891.81[3] as follows:**

- **A lump sum of $56,883.31, representing reimbursement in the amount of $55,223.70 for attorney's fees and $1,659.61 for attorney's costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel; and**

- **A lump sum of $8.50, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

**Per Petitioner's request, the checks are to be forwarded to Maglio Christopher and Toale Law, 1515 Ringling Blvd., Suite 700, Sarasota FL 34236.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Hum. Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.